**GOVERNMENT OF THE VIRGIN ISLANDS,**
**Plaintiff**

**v.**

**W. FREDERIKSEN, Defendant**

## No. 78-1929

## District Court of the Virgin Islands

Frederiksted Sub-Judicial District
St. Croix

## February 26, 1930

WILLIAMS, *Judge*

This is an action brought by the Municipality of St. Croix to recover rental for two telephones, one at the store and one at the residence of the defendant, at the rate of $3.00 per month each. It is alleged that the defendant owes for the one in the grocery store from October, 1928, until August, 1929, both inclusive, and that he owes for the residence phone from November, 1928, to August, 1929, both inclusive — in other words, eleven months for one and ten months for the other.

The telephone concession was granted by the Government to the Municipality of St. Croix, with some reservations as to its control. Just what these reservations are in toto I am unable, at this juncture, to say, as I have not had presented to me all of the matter necessary to such determination. I have requested counsel on both sides to produce all ordinances and regulations that might have any bearing upon this question, and they have been duly notified that, unless they were produced, I would find it necessary, in the interest of expedition — which is an important element in the disposition of public business, as well as accuracy — to dispose of the case if they did not supply the information by the given time — unless further time was requested. That time has expired, and no further information has been supplied. Hence I assume that both parties have finally submitted the matter on the record as it now stands. I shall proceed to consider it on that basis.

The difficulty has arisen in this case by reason of the fact that during the period of the rendering of these bills the defendant claims that he was not receiving the service

that he was receiving prior to the middle of September, 1928, by reason of the hurricane which passed through these islands about that time, resulting in the destruction of a large number of telephones; in fact, the whole system, for a time. It appears, from the evidence, that no charges were made against him during the time he was receiving no service at all, but that charges were made from the time the main line between Frederiksted and Christiansted was rehabilitated and put into service; in other words, he was charged from the time he had the use of the main line, though little use of any lateral or subscribers' lines. The Municipality claims full rental, while he claims they are entitled to recover only the quantum meruit. The Municipality bases its claim primarily — I cannot say entirely — upon certain regulations issued by the Governor of the Islands, purporting to be done with lawful authority. It is on this precise point that I desired further information, as to whence this authority comes. It was the contention at the trial, on the part of the defendant, that the Governor had no authority to issue such orders apart from the Municipal Committee of St. Croix, which, in a general sense, handles the financial matters of the island when the whole Council is not invoked or invocable. It was not shown at the trial that these regulations had met with the approval of either the Council or its Municipal Committee. No further information has been supplied me on the subject by either counsel. Hence, I assume that the regulations were issued solely by the Governor, neither with the approval nor the cooperation of the Council or the Municipal Committee. The conclusion thus assumed is very probably a fact. If the regulations promulgated by the Governor are binding, then the plaintiff is entitled to recover its full amount of its claim. But, supposing the regulations have not binding force, is the contrary true? I think not.

It was admitted by the defendant that there was no

contract in writing between the parties; that nothing was said about the volume of service to be given — he simply asked for the installation of the phones, and the phones were installed at the rate understood by him. The Municipality agreed to furnish no particular number of subscribers at all, and, I apprehend, only agreed to connect him with the lines in service at any given time. Defendant admits that from the time the charges were made he had the use of at least the main line. Therefore, he cannot contend that there has been a total failure of consideration. At most there has been a partial failure of consideration. As there has been at least a partial consideration for the charge, can he find relief against his very general contract?

██ ██ To this point, the Court, in Eyre et al. v. Potter et al., 15 How. 54, 14 L. Ed. 600, spoke thus: "Again, it is ruled, that inadequacy of consideration is not of itself a distinct principle of equity. The common law knows no such principle. The consideration, be it more or less, supports the contract. Common sense knows no such principle. The value of a thing is what it will produce, and it admits of no precise standard. One man, in the disposal of his property, may sell it for less than another would. If courts of equity were to unravel all these transactions, they would throw everything into confusion, and set afloat the contracts of mankind. Such a consequence would of itself be sufficient to show the injustice and impracticability of adopting the doctrine, that mere inadequacy of consideration should form a distinct ground for relief." And, again, Mr. Justice Story, in Lawrence v. McCalmont et al., 2 How. 426, 11 L. Ed. 326 (336), used practically the same language, saying: "A valuable consideration, however small or nominal, if given or stipulated for in good faith, is, in the absence of fraud, sufficient to support an action on any parol contract; and this is equally true as to contracts of guaranty as to other contracts. A stipulation in consideration of one dollar is

just as effectual and valuable a consideration as a larger sum stipulated for or paid." And, in 13 Corpus Juris, at page 365, section 237, it is declared, that — "So long as it is something of real value in the eye of the law, whether or not the consideration is adequate to the promise is generally immaterial in the absence of fraud. The slightest consideration is sufficient to support the most onerous obligation; the inadequacy, as has been well said, is for the parties to consider at the time of making the agreement, and not for the court when it is sought to be enforced. It is competent for the parties to make whatever contracts they may please, so long as there is no fraud or deception or infringement of law. Hence the fact that the bargain is a hard one will not deprive it of validity." Numerous cases are cited under Notes "66" and "67", supporting this text, including the two that I have immediately above quoted. Further citation of authority on this point would seem superfluous. Therefore, it appears that there should be no difference in the conclusion of the case in either instance, that is to say, if the Governor's regulations are effective or ineffective. This case does not involve a quantum meruit.

Now, suppose, however, the defendant was entitled to have his claim reduced, based on the quantum meruit. He has produced no evidence showing the amount of damage at any given time, nor has he shown just how the fair value of the service should be worked out. As I gather, from the testimony, at various times phones were added to the service list, and as rapidly as the circumstances then controlling the company would permit. There is nothing to show the number of phones in use at any particular time. In short, he has not shown what reduction he is entitled to on each month's bill. This is adverted to only as an additional reason for nonrecovery, although the former ground sufficiently disposes of the case. The value of such service is one, doubtless, on which opinions would differ, dependent largely upon

the necessity of the user. I have no doubt that many persons would be satisfied to pay $3.00 a month for only a direct line from one town to the other; nor have I any doubt that some others would not pay that amount for that service. The value is as variable as the circumstances calling for it. There is no absolute rule by which such value may be measured. It is, like most other things, a matter involving relatively — something that brings into play the bargaining powers of the parties, or a fiat of a competent authority. Relief in such cases should come from some other branch of the Government — not the Judiciary.

Therefore, for these reasons, I have found that the Municipality is entitled to recover the full amount of its claim, to wit, Francs 315.00, together with reasonable costs.